UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEQUAN A., parent and next friend of J.L., a minor,<br><br>　　Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, et al.,<br><br>　　Defendants. | Case No. 23-12675<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT AND WITHOUT PREJUDICE FOR RENEWAL**

On October 23, 2023, Dequan A., as the parent and next friend of his minor son, J.L., sued several defendants after an administrative law judge (ALJ) denied a complaint he filed on J.L.'s behalf under the Individuals with Disabilities Education Act (IDEA) against the Detroit Public Schools Community District (DPS). *See* ECF No. 1. The IDEA complaint focused on DPS's evaluation of, and services provided to, J.L., and the Individualized Education Program (IEP) DPS deployed to address J.L.'s special education needs. *See* ECF No. 1-1, PageID.72.

The subsequent federal complaint raised seven causes of action, including violations of the IDEA and the Americans with Disabilities Act (ADA),

constitutional violations, and negligence by six defendants: Michigan's governor (Gretchen Whitmer), attorney general (Dana Nessel), board of education president (Dr. Pamela Pugh), and education department superintendent (Dr. Michael Rice); and DPS's superintendent (Dr. Nikolai Vitti) and general counsel (Janice Mitchell Ford).  *See* ECF No. 1, PageID.11-13, 52-55.  As relief, Plaintiffs asked the Court to compel Defendants to give J.L. "compensatory education," appropriate "assistive technology" and "evaluations," an extended school year with bus transportation, adequate notice for IEP meetings, proceeding transcripts, placement in a private school, a fulfilled "right to literacy," and attorney fees.  *Id.*, PageID.56-64.

## I.  Background and legal standards

Defendants Ford and Vitti requested and received additional time to respond to Plaintiffs' complaint, while the remaining defendants moved to dismiss it under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  *See* ECF Nos. 12, 15.  Following an explicit invitation from Chief Judge Sean Cox, Plaintiffs amended their complaint "as a matter of course" within 21 days after Defendants filed their motion.  Fed. R. Civ. P. 15(a)(1)(B); *see* ECF Nos. 16, 17.  So Chief Judge Cox accepted the amendment as the operative pleading and denied the motion to dismiss as moot.  *See* ECF No. 18.

All Defendants then moved to dismiss the amended complaint under either Rule 12(b)(1) (Whitmer, Nessel, Rice, Pugh) or Rule 12(b)(6) (all Defendants).  *See*

2

ECF No. 19, 21. "[T]he plaintiff has the burden of proving jurisdiction in order to survive" a Rule 12(b)(1) motion to dismiss. *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). And to survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" create a "reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Five days after the second motion was filed, and two weeks before responding to Defendants' motions, Plaintiffs moved for leave to amend their complaint again. *See* ECF Nos. 22, 22-1 (proposed second amended complaint). This slots the amendment request under Federal Rule of Civil Procedure 15(a)(2). That provision "encourages [the Court] to give leave to amend when justice so requires" while also affording the Court discretion to deny leave "when doing so would be futile"—*i.e.*, if the "proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (cleaned up) (citing Fed. R. Civ. P. 15(a)(2)). All Defendants urge the Court to deny leave on this ground. *See* ECF Nos. 23, 25. Subsequently, this case was reassigned to this Court.

Futility serves as a basis, not a mandate, to deny leave to amend. *See Doe v. Michigan State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) ("a request *may* be denied

3

if it would be futile" (emphasis added)); *see also Aladdin Temp-Rite, LLC v. Carlisle FoodService Prod., Inc.*, No. 13-0650, 2014 WL 12774872, at *2 (M.D. Tenn. June 16, 2014) ("even if a claim may be futile, the Court is not required to disallow the amendment" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) ("futility is a permissible basis for denying a motion to amend the complaint," not a mandatory one). So, there are "a variety of ways in which" the Court may proceed here, *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)—each one "committed to the … [C]ourt's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

One option is to apply Defendants' motions to the parts of Plaintiffs' "tendered [second] amended complaint" "that are substantially identical to [their] original complaint," and then carefully read and apply Defendants' briefs opposing leave to amend as sort of supplementary motions to dismiss any changes or additions included in Plaintiffs' proposed amendment. *Crawford v. Tilley*, 15 F.4th 752, 758-759 (6th Cir. 2021) (admonishing the district court for "rais[ing] and reject[ing] the qualified immunity argument that [a defendant] had made in response to the original complaint as though [the defendant] made" it against plaintiff's "tendered amended complaint"); *see, e.g.*, *Bucciarelli*, 662 F. Supp. 2d at 814 (considering "defendants'

4

motion for judgment on the pleadings as a motion for judgment on the pleadings of the proposed first amended complaint").

Another option is to let Plaintiffs file their second "amended pleading[] without prejudice to [Defendants'] ability to file … appropriate motion[s] to dismiss under Fed. R. Civ. P. 12(b), which the [P]arties and the [C]ourt can then address under the procedures appropriate to [such] motions." *Kellogg Co. v. FPC Flexible Packaging Corp.*, No. 11-272, 2012 WL 769476, at *4 (W.D. Mich. Mar. 7, 2012). This is often "[t]he more orderly" of the two approaches. *Id.* That's because the Rule 12 motions, if refiled, "are better presented" with "all of the allegations and [the] applicable legal standard[s]" neatly arranged, *Donahue v. Travelers Cos., Inc.*, No. 24-1141, 2024 WL 4534250, at *3 (N.D. Ohio Oct. 21, 2024), instead of having the "[t]he parties' arguments for and against dismissal of the claims in the [proposed second amended] complaint crisscrossed and interspersed throughout the parties' opposition and reply briefs addressing Defendants' motion[s] to dismiss" and Plaintiffs' motion for leave to amend. *Cleveland Commc'ns, Inc. v. Lorain Cnty. Bd. of Comm'rs*, No. 23-1561, 2024 WL 3878308, at *3 (N.D. Ohio Aug. 20, 2024).

There is no question here that adding DPS as a defendant, in particular, and accepting the "substantial[] revis[ions]" and "new allegations" in Plaintiffs' proposed amendment, in general, would change the scope of this case. *Crawford*, 15 F.4th at 759; *see, e.g.*, ECF No. 22, PageID.548-549 (summarizing changes in

5

proposed second amended complaint) and ECF No. 22-1, PageID.573-575, 591-592, 596-598, 621-625, 629-630, 633-634, 636, 660, ¶¶ 5-7, 52-55, 67-71, 137-138, 143, 148-149, 155-157, 163, 250-252.  And in deciding which option to take, the Court must keep in mind "the thrust of Rule 15," which "is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore*, 790 F.2d at 559 (citation omitted); *see generally* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (cleaned up) ("the case law in this Circuit manifests liberality in allowing amendments to a complaint").

## II. Analysis

Given these considerations, with an abundance of caution, and out of a desire for a "more orderly" presentation of the Parties' allegations and arguments, *Kellogg Co.*, 2012 WL 769476, at *4, the Court will grant Plaintiffs' motion for leave to amend their complaint.  In doing so, the Court will accept Plaintiffs' proposed amendment as the Second Amended Complaint in the case and deny Defendants' motions to dismiss as moot and without prejudice for renewal.  *See Crawford*, 15 F.4th at 759.  Absent extraordinary circumstances, Plaintiffs will not receive leave to amend their complaint again.  *See* 6 Wright & Miller, Fed. Prac. & Proc. § 1487 (3d ed.) ("if the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied").  Once Plaintiffs file

the amended pleading on the docket, Plaintiffs will be required to timely serve it on defendant DPS, and then all Defendants will have the chance to respond to it in accordance with the Local Rules and Federal Rules of Civil Procedure. Accordingly,

IT IS ORDERED that Plaintiffs' motion for leave to amend the complaint (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's proposed amended complaint (ECF No. 22-1) is ACCEPTED as the operative complaint in this case. Plaintiff shall file it on the docket as the Second Amended Complaint within **10 days** of this order. Once Plaintiffs do this, Defendants may respond to it in accordance with the Local Rules and the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Defendants' motions to dismiss (ECF Nos. 19, 21) are DENIED AS MOOT and without prejudice for renewal.

Dated: November 14, 2024         s/Robert J. White
                                 Robert J. White
                                 United States District Judge