UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEQUAN ALLEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GRETCHEN WHITMER, et al., <br><br> Defendants. | Case No. 23-cv-12675 <br><br> Honorable Robert J. White |

**ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT RESPONSE TO STATE'S MOTION TO DISMISS**

Defendants Governor Gretchen Whitmer, Dr. Michael Rice, Dr. Pamela Pugh, and Attorney General Dana Nessel (collectively, the State Defendants) moved to dismiss Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 42, PageID.1111). The motion is fully briefed. (ECF Nos. 42, 44, 48). Presently before the Court is Plaintiffs' motion to supplement their response to the State Defendants' motion. (ECF No. 53). Because Plaintiffs offered no legal basis to supplement their response, the Court will deny Plaintiffs' motion.

To begin, Plaintiffs moved to supplement their response based on newly received information from the U.S. Department of Education in the form of a letter. (*Id.* at PageID.1473). Plaintiffs claimed that they requested this information in May

2024, and only received it on February 28, 2025, over nine months after the initial request. (*Id.*). According to Plaintiffs, if they had this information previously, they would have timely incorporated it in their response, which they filed on December 5, 2024. (*Id.* at 1475; ECF No. 44). As a result, Plaintiffs moved to supplement their response so that they could include the letter and address its contents. (ECF No. 53, PageID.1468). Plaintiffs cited Federal Rule of Civil Procedure 15(d) as the legal authority for their motion. (*Id.* at PageID.1475–76).

Under Federal Rule of Civil Procedure 15(d), a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Federal Rule of Civil Procedure 7(a)(1)–(7) defines "pleadings" as complaints and answers, and if ordered, a reply to an answer. The Rule makes clear these are the only pleadings allowed. *See* Fed. R. Civ. P. 7(a). The definition does not include motions and briefs. *See id.* Because Rule 15(d) applies exclusively to "Supplemental Pleadings," then, Plaintiffs cannot move under the Rule to supplement a response to a motion to dismiss.

In addition, the cases Plaintiffs relied on to support their argument that Rule 15(d) allows them to supplement their response are inapplicable. (ECF No. 53, PageID.1476). Both involved motions to amend or supplement complaints. *See Bormuth v. Winter*, 548 F. Supp. 3d 640, 645 (E.D. Mich. 2021); *Price v. Stephenson*,

No. 16-cv-13434, 2018 WL 992218, at *2 (E.D. Mich. Feb. 21, 2018).  And contrary to Plaintiffs' argument, the fact that Rule 7 addresses both "Pleadings Allowed" and "Motions and Other Papers" does not change the analysis. (ECF No. 55, PageID.1519).  First, the use of a semi-colon in the title to separate pleadings from motions indicates the two items are independent of each other. *See* Fed. R. Civ. P. 7.  Second, pleadings and motions comprise two distinct subsections of the Rule and cannot be conflated. *See id.* (listing pleadings under section (a) and motions and other papers under section (b)).

Finally, courts cannot consider matters outside of the pleadings on a motion to dismiss under Rule 12(b)(6). *See QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 720 (E.D. Mich. 2003) ("To adjudicate a Rule 12(b)(6) motion, the Court must not consider matters outside the pleadings.").  Because Plaintiffs sought to introduce a letter not referenced in their pleadings, the Court is unable to consider it in deciding the motion to dismiss.  Thus, even if Plaintiffs could supplement their response under Rule 15(d), to do so would be futile.

* * *

For the reasons given, the Court **ORDERS** that the motion to supplement (ECF No. 53) is **DENIED**.

Dated: May 6, 2025        s/Robert J. White
                          Robert J. White
                          United States District Judge